**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Sherry Killian Duncan, Appellant,

v.

Gurdip S. Gill a/k/a Gary Gurdip a/k/a Gary Gurdip Gill, Respondent.

Appellate Case No. 2023-001398

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2026-UP-350
Submitted June 1, 2026 – Filed July 8, 2026

**AFFIRMED**

Richard R. Gleissner, of Gleissner Law Firm, LLC, of Columbia, for Appellant.

Daniel Dominic D'Agostino, of D'Agostino/Davis Law Group, of York, for Respondent.

**PER CURIAM:** Sherry Killian Duncan appeals the trial court's order directing a verdict in favor of Gurdip S. Gill a/k/a Gary Gurdip a/k/a Gary Gurdip Gill. On appeal, Duncan argues the trial court erred in (1) granting a directed verdict on each cause of action, (2) allowing the admission of settlement evidence, and (3)

excluding certain statements as hearsay. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not err in directing a verdict for Gill. *See Moore v. Moore*, 360 S.C. 241, 259, 599 S.E.2d 467, 477 (Ct. App. 2004) ("When the evidence yields only one inference, a directed verdict in favor of the moving party is proper." (quoting *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 469, 476, 514 S.E.2d 126, 130 (1999))); *McKaughan v. Upstate Lung & Critical Care Specialists, P.C.*, 421 S.C. 185, 189, 805 S.E.2d 212, 214 (Ct. App. 2017) ("When reviewing the trial court's decision on a motion for directed verdict, this court must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party." (quoting *Burnett v. Fam. Kingdom, Inc.*, 387 S.C. 183, 188, 691 S.E.2d 170, 173 (Ct. App. 2010))); *Turner v. Med. Univ. of S.C.*, 430 S.C. 569, 582, 846 S.E.2d 1, 7 (Ct. App. 2020) ("This court will reverse the circuit court's ruling on a directed verdict motion only when there is no evidence to support the ruling or when the ruling is controlled by an error of law.").

The trial court did not err in directing a verdict on breach of contract, breach of contract by fraudulent act, and the imposition of a constructive trust because Duncan did not show she and Gill entered into a joint venture. *See Peoples Fed. Sav. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club*, 310 S.C. 132, 147, 425 S.E.2d 764, 774 (Ct. App. 1992) ("A joint enterprise exists where there are two or more persons united in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means and the agencies employed to execute such common purpose."); *id.* ("Further, in order to constitute a joint enterprise, there must be a common purpose and community of interest in the object of the enterprise and an equal right to direct and control the conduct of each other with respect thereto."); *Golson v. Thorne*, 288 S.C. 463, 465, 343 S.E.2d 451, 453 (Ct. App. 1986) ("An agreement between two parties constitutes a joint venture only if each party enjoys an equal right to control the conduct of the other regarding their common purpose."). Viewed in the light most favorable to Duncan, the evidence she presented at trial led to only one inference—that she and Gill did not enjoy an equal right to control each other's conduct in completing the renovation at issue in this appeal. Accordingly, the trial court did not err in directing a verdict on these three claims.

Further, the trial court properly directed a verdict as to Duncan's claim for recovery under the betterment statute. *See* S.C. Code Ann. § 27-27-10 (Supp. 2025) ("After

final judgment in favor of the plaintiff in an action to recover lands and tenements, if the defendant has purchased or acquired the lands and tenements recovered in such action . . . supposing at the time of such purchase or acquisition such title to be good in fee . . . , such defendant shall be entitled to recover of the plaintiff in such action the full value of all improvements made upon such land by such defendant . . . ."). Duncan presented no evidence of a previous final judgment in favor of Gill in an action to recover lands and tenements; she was the plaintiff, not the defendant, in the action at issue; and she acknowledged Gill owned the property at issue. Thus, we hold the trial court properly directed a verdict for Gill as to each claim.

2. We hold Duncan failed to show she was prejudiced by Gill's reference in his opening statement to a proposed contract Duncan asserts she created as an offer of settlement. *See Conway v. Charleston Lincoln Mercury Inc.*, 363 S.C. 301, 307, 609 S.E.2d 838, 842 (Ct. App. 2005) ("The decision to admit or exclude evidence is within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion."); *id.* ("To warrant a reversal based on the admission of evidence, the appellant must show both error and resulting prejudice."). Duncan testified regarding the contract—without objection—during cross-examination and again on redirect. Further, the court ultimately directed a verdict on each cause of action. Therefore, we hold Duncan failed to show she was prejudiced by Gill's opening statement. *See id.* at 308, 609 S.E.2d at 842 (holding a party suffered no prejudice from the admission of a deposition when other evidence established the facts laid out in the deposition); *DeLoach v. Whitney*, 275 S.C. 543, 545-46, 273 S.E.2d 768, 769 (1981) (holding that because the trial court should have granted a directed verdict, "there was no issue for the jury to decide," and "[a]ny prejudice which resulted from [the] appellant's closing argument was harmless").

Moreover, we hold Duncan failed to preserve her objection to the testimony regarding the contract because she did not make a contemporaneous objection during the trial. *See Doe v. S.B.M.*, 327 S.C. 352, 356, 488 S.E.2d 878, 880 (Ct. App. 1997) ("A contemporaneous objection is required to properly preserve an error for appellate review."); *State v. Atieh*, 397 S.C. 641, 646, 725 S.E.2d 730, 733 (Ct. App. 2012) ("A ruling in limine is not final; unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review."). During the motion in limine to exclude the contract and related evidence, the trial court instructed Duncan multiple times that she would need to object at the point during the trial when Gill indicated that he intended to introduce the contract. Duncan did not object when Gill moved to have the contract marked for identification during cross-examination. Further, she then testified about the

contract on cross-examination and redirect without objection. Accordingly, we hold she failed to preserve her objection to the testimony related to the contract.

3. We hold Duncan failed to show the trial court erroneously sustained any of the three objections she points to on appeal. The first objection occurred after Duncan testified of an individual related to the home's previous owner, "[S]he said congratulations. They knew--." The first portion of the statement was properly sustained as hearsay, and the second portion of the statement was not proffered after Gill interrupted with his objection. *See* Rule 802, SCRE (stating hearsay is generally inadmissible); Rule 801(c), SCRE ("'Hearsay'" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); *Jamison v. Ford Motor Co.*, 373 S.C. 248, 260, 644 S.E.2d 755, 761 (Ct. App. 2007) ("It is well settled that a reviewing court may not consider error claimed in the exclusion of testimony unless the record on appeal shows fairly what the rejected testimony would have been.").

We hold Duncan's argument regarding the second and third objections is without merit because the excluded statements were subsequently admitted. *See Baber v. Greenville County*, 327 S.C. 31, 41, 488 S.E.2d 314, 320 (1997) ("There is no error in excluding testimony which is subsequently admitted into evidence."). Thus, we hold Duncan failed to show the trial court erroneously sustained these objections.

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.